UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DEBORAH GOLDSTEIN, as Administratrix of the Estate     Docket No.:
Of JANE DZIEKAN, deceased,     1:23-cv-01226-EK-RML

                           Plaintiff(s),

       -against-

EGER HEALTH CARE AND REHABILITATION,

                           Defendant(s).
------------------------------------------------------------------------X

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant EGER HEALTH CARE AND REHABILITATION ("Defendant") respectfully submits the following opposition to plaintiff's motion to remand this action to state court.

**1. Complete Preemption Doctrine**

The bases for Defendant's assertion of federal jurisdiction are subject to three appeals before the United States Court of Appeals for the Second Circuit: *Leroy v. Hume*, Nos. 21-2158, 21-2159 (cons.), *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, 21-2164, and *Solomon v. St. Joseph Hospital,* No. 21-2729.

On March 7, 2023, the Second Circuit issued a decision in *Solomon*, 62 F.4th 54, 2023 U.S. App. LEXIS 5386 (2d Cir. 2023), holding that "[t]he PREP Act's cause of action for willful misconduct is unambiguously 'an exclusive Federal cause of action'" that forms the basis for federal jurisdiction. *Solomon,* 2023 U.S. App. LEXIS 5386, at *11, *citing* 42 U.S.C. § 247d-6d(d)(1).[1] As to the specific claims in that case, the court held: (1) plaintiff's state-law claims

---

[1] Supplemental briefing addressing the effect of the *Solomon* decision on the *Leroy* and *Rivera-Zayas* appeals was submitted on March 21, 2023. The parties expect decisions in those appeals in short order.

1

were not completely preempted by the PREP Act because they are not willful misconduct claims under the PREP Act's federal cause of action for willful misconduct; (2) there was no jurisdiction under the federal officer removal statute because the hospital defendants did not "act under" a federal officer; and (3) plaintiff's claims there did not "arise under" federal law.

By contrast, the Complaint here expressly alleges "an act or omission that is taken -- (i) intentionally to achieve a wrongful purpose; (ii) knowingly without legal or factual justification; and (iii) in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit," thereby falling within the scope of the PREP Act's cause of action for willful misconduct. 42 U.S.C. § 247d-6d(c)(1)(A). As such, federal jurisdiction is proper under the doctrine of complete preemption. *Solomon*, 2023 U.S. App. LEXIS 5386, at *9, 11.

Plaintiff affirmatively pleads that Defendant "[i]ntentionally and with reckless disregard for the rights and well-being of [the patient] … failed to properly and timely test residents and staff for COVID-19"; "acted and/or failed to act knowing that their conduct would result in injury or damage, including knowing that their conduct would probably result in injury or damage to plaintiff-decedent"; engaged in conduct that was "grossly reckless, willful, and wanton"; and acted "in total disregard of the plaintiff-decedent's well-being and/or committed with actual malice." (Complaint, ECF Docket 1-1, ¶¶ 35, 41, 84, 89).

Taking these allegations as true for present purposes, the Complaint here, as distinguishable from *Solomon*, affirmatively pleads a colorable claim for willful misconduct that forms the basis for federal subject matter jurisdiction under the complete preemption doctrine. *Solomon*, 2023 U.S. App. LEXIS 5386, at *10-11.

### 2. Federal Officer Removal

With respect to federal officer removal, 28 U.S.C. § 1442(a)(1), the *Solomon* court held that "'the private person's 'acting under' [a federal officer] must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior' and 'does *not* include simply *complying* with the law.'" *Solomon*, 2023 U.S. App. LEXIS 5386, at *15, *quoting Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152 (2007) (emphasis in original).

Here, Defendant does not assert that it "acted under" a federal officer simply because it operated in a heavily regulated industry or complied with federal regulations. *Solomon*, 2023 U.S. App. LEXIS 5386, at *15. Rather, the federal government relied on and enlisted congregate care facilities like Defendant to assist the federal effort to treat and prevent the spread of COVID-19 in a coordinated federal response to the national public health emergency presented by COVID-19. Defendant aided the federal government in a manner that has never been required by private surrogates in response to an unprecedented pandemic.

### 3. "Arising Under" Jurisdiction

*Solomon* held that removal to federal court is not proper under federal "arising under" jurisdiction where the complaint does not necessarily raise a federal issue. *Solomon*, 2023 U.S. App. LEXIS 5386, at *17. As the foregoing demonstrates, however, the Complaint here, as distinguishable from *Solomon*, "on its face, raise[s] questions of federal law" by pleading a colorable claim under the PREP Act for willful misconduct. *Id.* By pleading essential elements of the PREP Act's exclusive federal cause of action, Plaintiff has "necessarily raised" a right "created by the Constitution or laws of the United States," thus satisfying the criteria for "arising under" jurisdiction. *Id.*, *quoting Tantaros v. Fox News Network, LLC,* 12 F.4th 135, 141 (2d Cir. 2021) (quotation marks omitted).

**WHEREFORE**, for the foregoing reasons, Defendant respectfully asks this Court to retain jurisdiction and deny Plaintiff's motion to remand this action to state court, along with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
April 11, 2023

Respectfully submitted,
**VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER, LLP**
/s/ Megan A. Lawless
Megan A. Lawless, Esq. (ML 3227)
Dylan Braverman, Esq. (DB 5501)
*Attorneys for Defendant*
300 Garden City Plaza, Suite 100
Garden City, New York 11530
(516) 282-3355
m.lawless@vbpnplaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2023, a copy of DEFENDANT EGER HEALTH CARE AND REHABILITATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND was served upon the following via e-mail:

> Damien Smith
> Duffy & Duffy
> *Attorneys for Plaintiff*
> 1370 RXR Plaza
> West Tower, 13th Flr.
> Uniondale, NY 11556
> 516-394-4200
> dsmith@duffyduffylaw.com

> VIGORITO, BARKER, PATTERSON,
> NICHOLS & PORTER, LLP
> By:   /s/  Megan A. Lawless
>        Megan A. Lawless [ML 3227]
>        m.lawless@vbpnplaw.com
> *Attorneys for Defendant*
> 300 Garden City Plaza, Suite 100
> Garden City, New York 11530
> (516) 282-3355